# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

FIREFIGHTERS' RETIRMENT SYSTEM,                      CIVIL ACTION
MUNICIPAL EMPLOYEES' RETIRMENT SYSTEM,
AND FIREFIGHTERS' PENSION & RELIEF FUND        15-482-SDD-EWD

VERSUS

ROYAL BANK OF SCOTLAND PLC

## RULING

This matter is before the Court on the *Motion for Rehearing, or Alternatively, Motion to Alter or Amend Judgment*[1] filed by Plaintiffs, Firefighters' Retirement System, Municipal Employees' Retirement System, and Firefighters' Pension & Relief Fund ("Plaintiffs").  Defendant, Royal Bank of Scotland PLC ("RBS"), filed an *Opposition*[2] to this motion.  Plaintiffs seek reconsideration of this Court's *Order*[3] which dismissed Plaintiffs' claims against RBS without prejudice.

Plaintiffs argue that the Court's *Order*[4] should be "vacated or, alternatively, altered or amended, and the *Motion to Dismiss*[5] filed by RBS should be reheard based upon the recent June 24, 2016 *Order* in the related case entitled *Firefighters' Retirement Systems., et al. v. Citco Group Limited, et al.,* Case No. 3:13-cv-373-SDD-EWD ("Citco")."[6]  Plaintiffs

---

[1] Rec. Doc. 51.
[2] Rec. Doc. 53.
[3] Rec. Doc. 50.
[4] *Id.*
[5] Rec. Doc. 14.
[6] Rec. Doc. 51 (internal citations omitted).
36525

contend this is proper because the Court in Citco "vacated its Order granting a Motion to Dismiss for lack of personal jurisdiction" in favor of Citco Defendants, and ordered both Plaintiffs and Citco Defendants to submit briefs "addressing the applicable legal standard for the Court's exercise of *in personam* jurisdiction considering nationwide service of process authority pursuant to Bankruptcy Rule 7004(d) on or before July 8, 2016."[7] Because removal was the same in both Citco[8] and the present case,[9] removal related to bankruptcy jurisdiction, the Court examines the jurisdictional basis under Bankruptcy rule 7004(d).

## I.    Motion for Reconsideration Under Rule 59

As the Fifth Circuited stated in *Edward H. Bolin Company, Inc. v. Banning Company Inc.*, "Rule 59(e) has been interpreted as covering motions to vacate judgments, not just to modify or amend."[10]   Accordingly, Plaintiffs' motion will be considered under the standards governing Rule 59(e) motions.

A motion under Rule 59 "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[11]   Rather, Rule 59(e) serves the purpose of correcting manifest errors of law

---

[7] *Id.* (internal citations and quotations omitted).
[8] *Firefighters' Ret. Sys., et. al. v. Citco Group Limited, et al.,* No. 13-373 (M.D. La. filed June 13, 2013), Rec. Doc. 290.
[9] Rec. Doc. 1.
[10] *Edward H. Bolin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).
[11] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)).
36525

or fact, or presenting newly discovered evidence.[12]  "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[13]

The Fifth Circuit has held that altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[14] "A Rule 59(e) motion should not be used to re-litigate prior matters that ... have been resolved to the movant's dissatisfaction."[15] While the district courts do have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment,"[16] denial of Rule 59(e) motions to alter or amend is favored.[17]

Federal Rule of Civil Procedure 59(e) clearly states that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."[18] *Judgment* in the present case was entered on March 31, 2016.[19]  Plaintiffs filed the present *Motion* on June 24, 2016 – well beyond the 28 day deadline required under Rule 59(e).[20]  The Fifth Circuit has strictly interpreted the 28 day deadline of Rule 59(e); in *McLendon v. Big Lots Stores, Inc.*, the Fifth Circuit held that a district court did not abuse

---

[12] *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *Sawhney v. TD Ameritrade, Inc.*, No. 09–7651, 2010 WL 5057413, at *1(E.D. La. Dec. 2, 2010).
[13] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)(quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).
[14] *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D.La.2000)).
[15] *Voisin v. Tetra Techs., Inc.*, No. 08–1302, 2010 WL 3943522, at *2 (E.D.La. Oct.6, 2010).
[16] *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995).
[17] *See S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir.1993).
[18] Fed. R. Civ. P. 59(e).
[19] Rec. Doc. 46.
[20] Rec. Doc. 51.
36525

its discretion when the court denied a Rule 59 motion filed one day after the Rule 59(e) 28 day deadline.[21]

Plaintiffs argue their Rule 59(e) motion was timely because it was filed within 28 days of the Court's Amended *Order*.[22]   RBS argues that the 28 day period should begin on the date that the Court entered the original *Order*, March 31, 2016, not the date of the *Amended Order*, June 24, 2016.[23]   In *Transit Casualty Company v. Security Trust Company*, the Fifth Circuit found that a district court's modification of an order of dismissal from a dismissal with prejudice, to a dismissal without prejudice, was "not such a substantial substantive change as to …extend [the] time for filing such a motion."[24]   While *Transit* and the present case are distinguishable as *Transit* dealt with a 60(b) motion and the question of whether an appeal of a 60(b) order tolls the time for making a 60(b) motion, the Court finds that the same rationale applied by the court in *Transit* applies to the present case.   Accordingly, the Court finds that the 28 day period to file a motion under Rule 59 began on March 31, 2016, making Plaintiffs' *Motion for Rehearing* untimely and, thus, is time barred.

## II.   Converting Plaintiffs' Rule 59 Motion to a Rule 60 Motion

Although Plaintiffs did not make a Rule 60 argument in their *Motion for Rehearing*,[25] the Court may nevertheless convert the Rule 59 motion to a Rule 60 Motion: "a court may treat an untimely 59(e) motion to alter or amend the judgment as if it were a

---

[21] 749 F.3d 373, 374 (5th Cir. 2014).
[22] Rec. Doc. 60-1. *See* Rec. Doc. 50.
[23] *See* Rec. Docs. 46, 51.
[24] 441 F.2d 788, 791 (5th Cir. 1971).
[25] Rec. Doc. 51.
36525

Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief."[26]  The Court has vacated its previous *Ruling* in Citco in light of the Fifth Circuit's finding that, "at the time of removal, jurisdiction was proper under 28 U.S.C. 1334(b) because the suit involved matters 'related to' a Chapter 11 bankruptcy proceeding."[27] Given the present suit is related to Citco, and the grounds for removal asserted by RBS invoke the Court's "related to" jurisdiction,[28] justice requires the Court to convert Plaintiffs' Rule 59 motion to a Rule 60 motion.

### III.    Motion for Reconsideration Under Rule 60(b)

Federal Rule of Civil Procedure 60(b)(5) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: the judgment has been satisfied, released or discharged; **it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.**[29]

Federal Rule of Civil Procedure 60(c) provides: "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[30]  As the Court has determined it appropriate to convert Plaintiffs' 59 motion to a Rule 60(b)(5) motion, as long as the Plaintiffs filed their motion within a reasonable time, and the grounds asserted also support a Rule 60 motion, the Court deems the motion timely.  The record in Citco

---

[26] *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998).
[27] *Firefighters' Ret. Sys., et. al. v. Citco Group Limited, et al.,* No. 13-373 (M.D. La. filed June 13, 2013), Rec. Doc. 290.
[28] Rec. Doc. 1.
[29] Fed. R. Civ. P. 60(b)(5) (emphasis added).
[30] Fed. R. Civ. P. 60(c).
36525

and the present case illustrates the following: The original *Judgment* dismissing RBS was issued on March 31, 2016; the Court requested that the Parties in Citco brief *in personam* jurisdiction based upon nationwide service of process on June 24, 2016; on June 24, 2016, Plaintiffs filed the present *Motion for Rehearing* as to RBS.[31]  Plaintiffs filed their *Motion for Rehearing* on the same day that the Court requested briefing in Citco on the issue of *in personam* jurisdiction – the earliest opportunity for them to properly file the present motion.  As the Court has converted the motion to a Rule 60 motion, the filing was timely.

The Supreme Court in *Frew ex. rel Frew v. Hawkins* held that Rule 60(b)(5) is proper if "it is no longer equitable that the judgment should have prospective application…encompass[ing] the traditional power of a court of equity to modify a decree in light of a changed circumstance."[32]  Because the Fifth Circuit clarified a fundamental element of *in personam* jurisdiction in a related case, and based upon the Supreme Court's holding in *Frew*, the Court finds that it would be inequitable for the Court to continue to enforce the *Dismissal*[33] in favor of RBS having failed to apply the appropriate jurisdictional analysis.  Accordingly, the Court grants Plaintiffs' *Motion for Rehearing*[34] under Federal Rule of Civil Procedure 60(b)(5).

---

[31] Rec. Docs. 36 and 51; *Firefighters' Ret. Sys., et. al. v. Citco Group Limited, et al.,* No. 13-373 (M.D. La. filed June 13, 2013), Rec. Doc. 290.
[32] 540 U.S. 431, 441; 124 S.Ct. 499, 905-06; 157 L.Ed.2d. 855 (2004).
[33] Rec. Doc. 50.
[34] *Id.*
36525

IV.     **Conclusion**

For the reasons set forth above, Plaintiffs' *Motion for Rehearing, or Alternatively, Motion to Alter or Amend Judgment*[35] is GRANTED.

The Parties shall brief the issue of related to jurisdiction as ordered in Record Document 57.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>December 12, 2016</u>.

_Shelly D. Dick_

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[35] Rec. Doc. 51.
36525