# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

FIREFIGHTERS' RETIREMENT                                     CIVIL ACTION
SYSTEM, ET AL.


VERSUS                                                       15-482-SDD-EWD


ROYAL BANK OF SCOTLAND PLC.

## RULING

     This matter comes before the Court on Remand from United States Court of

Appeals for the Fifth Circuit directing this Court to determine whether Defendant, Royal

Bank of Scotland, PLC ("RBS") is subject to nationwide service provisions of Bankruptcy

Rule 7004(d).[1]  For the reasons set forth below, the Court finds that RBS is subject to the

nationwide service provision of Bankruptcy Rule 7004(d), but the Court lacks personal

jurisdiction over RBS.

I.     **PROCEDURAL BACKGROUND**[2]

     This Court granted a Rule 12(b)(2) Motion to Dismiss filed by Defendant, RBS Rule

12(b)(2) for lack of personal jurisdiction.[3]  Plaintiffs moved for reconsideration of the

Court's dismissal of RBS for want of personal jurisdiction.[4]  The Court granted Plaintiffs'

*Motion for Reconsideration, or Alternatively, Motion to Alter or Amend Judgment*.[5]  RBS

---

[1] Rec. Doc. 75.
[2] The Court adopts the factual background in Rec. Doc. 45.
[3] Rec. Doc. 45, amended to a dismissal without prejudice in Rec. Doc. 50.
[4] Rec. Doc. 51.
[5] Rec. Doc. 63.  The Court denied as untimely Plaintiffs' motion under Federal Rule of Civil Procedure 59(e) filed on to alter or amend the Court's judgment but considered the plaintiff's Motion as having been brought
Document Number: 39671

moved the Court to reconsider its grant of reconsideration of its prior dismissal of RBS arguing that the Court lacked subject matter jurisdiction to reconsider its earlier *Ruling* due to an intervening appeal by RBS.   RBS argued that the Court did not have subject matter jurisdiction to enter the December 12, 2016 *Order* granting reconsideration because Plaintiffs' filing of a notice of appeal on July 15, 2016[6] divested the Court of further jurisdiction.   RBS maintains that, "[a]s a result of plaintiffs' notice of appeal, this Court does not have subject matter jurisdiction to grant relief from the judgment under Federal Rule 60(b)."[7]   In response, Plaintiffs filed a *Motion to Remand.*[8] The Court of Appeal remanded this matter "to the district court for determination as to whether RBS is subject to the nationwide service provisions of Bankruptcy Rule 7004(d)."[9]

## II.   LAW AND ANALYSIS

### A.  Legal Standard for Personal Jurisdiction

Suit was originally filed in state court. RBS filed a *Notice of Removal*[10] in which it asserted that the federal court had bankruptcy "related to jurisdiction" for purposes of 28 U.S.C. §§ 452(a) and 1334(b). In its removal pleadings, RBS asserted that "the State Court Action relates to three separate bankruptcy cases arising under title 11 of the United States Code (the 'Bankruptcy Code'), all of which are pending in the United States Bankruptcy Court for the Southern District of New York (the 'Bankruptcy Court')",

---

pursuant to Federal Rule of Civil Procedure 60(b)(5), The Court agreed to reconsider its dismissal of RBS for want of personal jurisdiction based on its Ruling in a related matter (*Firefighters' Retirement Systems et al. v. Citco Group Limited, et al.*, Case No. 3:13-cv-373-SDD-EWD), which analyzed the effect of nationwide service rules under Bankruptcy Rule 7004(d) on *in personam* jurisdiction.

[6] Rec. Doc. 52.
[7] Rec. Doc. 64-1.
[8] Rec. Doc. 72.
[9] Rec. Doc. 75.
[10] Rec. Doc. 1.
Document Number: 39671

concluding that "this Court has jurisdiction under 28 U.S.C. § 1334(b) and removal is proper under 28 U.S.C. § 1452(a)."[11]

As has been discussed by this Court *in extenso* in related proceedings,[12] the question before the Court is whether RBS has purposeful and meaningful contacts with the United States per the federal bankruptcy statutory scheme which authorizes nationwide service of process to the forum of the United States, not the State of Louisiana. Bankruptcy Code 7004(f) establishes that service is proper "if it is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the code or civil proceeding arising under the code, arising in or relating to a case under the code."[13]   However, service of process under Rule 7004(d) gives rise to personal jurisdiction over the defendant in a related Bankruptcy Code case only "if the exercise of jurisdiction is consistent with the Constitution and laws of the United States,"[14] specifically, the due process clause.

As the Supreme Court noted in *Walden v. Fiore*, "a Court's exercise of personal jurisdiction over a non-resident defendant is consistent with the due process clause if the defendant has sufficient purposeful minimum contacts with the forum such that requiring the defendant to defend its interest in the forum does not 'offend traditional notions of fair play and substantial justice.'"[15]   The Supreme Court instructs that "the proper question is whether the defendant's conduct connects him to the forum in a meaningful way."[16]   When

---

[11] Rec. Doc. 1, pp. 4 -7
[12] See *Firefighter Retirement Systems, et al. v. Citgo Group, Ltd.*, et al., Case No. 3:13-cv-373-SDD-EWD, Rec. Doc. 325, p. 6,  2016 WL 1254366, at  *3 (M.D.La., Sep. 30, 2016).
[13] Federal Rules of Bankruptcy Procedure, Rule 7004(f).
[14] *Id.*
[15] 134 S.Ct. 115, 118 (2014).
[16] *Id.*
Document Number: 39671

a federal statute provides for nationwide service of process, the relevant forum to which the minimum contacts analysis is applied is the entire United States.[17]

Plaintiffs bear the burden to make a *prima facie* showing that personal jurisdiction is proper.[18]  Defendants argue that "the inclusion of related to bankruptcy jurisdiction in the notice of removal as an alternative basis for federal jurisdiction does not alter the conclusion that a federal court sitting in diversity may exercise jurisdiction over a non-resident only if the long arm statute provides and it does not offend the due process clause of the Fourteenth Amendment."[19]  In *Firefighters' Retirement Systems, et al. v. Citco Group Limited, et al.*, the Fifth Circuit issued a *Mandate* wherein the court held that "removal was proper based on the Chapter 11 proceedings, such that the district court had subject matter jurisdiction at the time of removal."[20] Because the present litigation is related to a bankruptcy proceeding governed by Title 11 of the United States Bankruptcy Code, Bankruptcy Rule 7004(d), which provides for nationwide service of process, applies to the present litigation.[21]  In *Bush v. Buchman*, *Buchman & O'Brien, Law Firm*, the Fifth Circuit held that, "when a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant had minimum contacts with the United States."[22]  The question before the Court is whether RBS "has sufficient contacts

---

[17] *Busch v. Buchman, Buchman, and O'Brien*, 11 F.3d 1255 (5th. Cir. 1994); *Lentz v. Trinchard*, 730 F.Supp.2d 567, 578 (E.D. La. Aug. 2, 2010); ("When a suit is in federal court on 'related to' bankruptcy jurisdiction… the sovereign exercising authority is the United States not the particular state where it was originally filed.") *In Re Enron Corp. Securities Sec.*, 2011 WL3516292, *3 (S.D. Tx. Aug. 11, 2011).
[18] *Monkton Ins. Srvs. Ltd. vs. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014) (internal citations omitted).
[19] Rec. Doc. 69, p. 3.
[20] 13-cv-373-SDD-EWD, Rec. Doc. 222, p. 14, 796 F.3d 520, 528 (5th Cir. 2015).
[21] *See Lentz v. Trinchard*, 730 F.Supp.2d 567, 577 ("Bankruptcy Rule 7004(d) provides for nationwide service of process in adversary proceedings arising Under Title 11 of the United States Code.").
[22] 11 F.3d 1255, 1258 (5th Cir. 1994).
Document Number: 39671

with the United States to support the fairness of the exercise of jurisdiction over [it] by a United States court."[23]

In *Goodyear Dunlop Tires Operations, S.A. v. Brown*,[24] the Supreme Court set forth the "essentially at home" test in connection with a foreign international defendant, holding: "[a] court may assert general jurisdiction over a foreign sister state or foreign country corporation's to hear any and all claims against them when their affiliations with the state are so 'continuous and systematic' as to render them essentially at home in the forum state."[25] Where, as here, the court's subject matter jurisdiction arises because it is "related to" a bankruptcy proceeding, the forum state is the United States.

### B.  General Jurisdiction

RBS is incorporated under the laws of Scotland and has its principle place of business in London, England.[26]  "Although [RBS] was served pursuant to Louisiana's long-arm statute, the Bankruptcy rules provide for nationwide service of process. Bankruptcy Rule 7004(b) provides service of process by virtually the same manner and means as service of a non-Louisiana resident under Louisiana's long-arm statute."[27]

There are a several factors that weigh in favor of finding that RBS has minimum contacts with the United States.  RBS has physical offices in the United States in

---

[23] *In Re Federal Fountain, Inc.*, 165 F.3d 600, 602 (8th Cir. 1999)(citing, *Fitzsimmons v. Barton*, 589 F. 2d 330, 333 (7th Cir. 1979)).

[24] 564 US 915, 919, 131 S.Ct. 2846, 2851, 180 L.Ed.2d (2011).

[25] *Id.* at 519.

[26] Rec. Doc. 1-2, p. 2.

[27] *Firefighters' Retirement System, et al. v. Citgo Group, Ltd.*, et al., 13-373 2016 WL 4942004 at *2 (M.D. La., Sep. 16, 2016) (citing LA R.S. 12-3204, which requires that a "certified copy of a contradictory motion, rule to show cause, or other pleading filed by Plaintiff… shall be sent to the Defendant by registered or certified mail, or actually delivered to the Defendant by commercial courier." Comparing Federal Rules of Bankruptcy Procedure, Rule 7004(b) requiring service by first class mail).

Document Number: 39671

Connecticut, Illinois, New Jersey, and New York.[28]  RBS has a designated agent for service of process in the United States.[29]  RBS allegedly received approximately $24.7 million from the Louisiana funds in connection with an agreement executed by an intermediary.[30]  Lastly, RBS's counsel, William Dougherty, executed his declaration in the United States, specifically Connecticut.[31]  However, a general jurisdiction analysis is not merely a tallying of a defendant's contacts with the relevant forum state.  As noted by Justice Sotomayor in her concurring opinion in *Daimler AG v. Bauman*, "[g]eneral jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide."[32]

The Supreme Court in *Perkins v. Benguet Consolidated Mining Company*,[33] held that a foreign corporation may be subject to general personal jurisdiction in the United States despite being incorporated under the laws of a foreign jurisdiction.[34]  The *Perkins* court found that the corporation's engagement in director's meetings, business correspondence, banking, payment of salaries, and purchasing of machinery in the United States constituted sufficient contacts to give rise to general jurisdiction.[35]  Although RBS's offices in four states conceivably also have meetings, correspondence, banking, the payment of salaries, and the purchasing of equipment, the *Perkins* case is distinguishable

---

[28] Rec. Doc. 1, p. 2, ¶ 3.
[29] *See* Rec. Doc. 1-2, p. 2.
[30] Rec. Doc. 1-2, ¶ 51.
[31] Rec. Doc. 14-8.
[32] 134 S.Ct. 746, 763; 187 L.Ed.2d 624 (2014).
[33] 342 U.S. 437, 440; 72 S.Ct. 413, 415; 96 L.Ed. 485 (1952).
[34] *Id.*
[35] *Id* at 447-449.
Document Number: 39671

insofar as it involved a foreign mining corporation that completely halted its operations abroad and was, during the relevant time, run entirely out of one United States office.[36]

In *Patterson v. Aker Solutions Incorporated*, the Fifth Circuit held that it would be "an exceptional case" to exercise general personal jurisdiction over a foreign corporation with its principle place of business in a foreign country.[37]  Even a business operating three plants in Louisiana was found to have insufficient contacts with the forum to justify an exceptional case of general personal jurisdiction.[38]  Therefore, RBS's four branches and offices in the United States do not provide a sufficient basis for general jurisdiction in the relevant forum, the United States.

RBS's transactions with the Louisiana funds are also insufficient to give rise to general jurisdiction based upon the Fifth Circuit's holding in *Patterson*.  In *Patterson*, the court "refused to find general personal jurisdiction over a Norwegian company, Aker Sub Sea, which entered into eleven secondary agreements with a business based in the United States."[39]  By contrast, RBS's one alleged transaction,[40] executed by intermediaries, is *a fortiori*, more attenuated than the eleven second agreements that were primarily entered by the defendant in *Patterson*.  As both the Supreme Court and the Fifth Circuit have held, it is an extremely exceptional case wherein a federal court would have general personal jurisdiction over a foreign corporation that transacts

---

[36] *Patterson*, 826 F. 3d 234.  *See Daimler*, 134 S.Ct. at 761, n.19 ("We do not foreclose the possibility that an exceptional case, *See e.g. Perkins v. Van Gogh Counsel Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 LED. 485 (1952)… a corporation's operations in a forum other than its formal place of incorporation or principle place of business may be so substantial and of such nature as to render the corporation at home in that state.").
[37] 826 F. 3d. 231, 234 (5th Cir. 2016).
[38] *See Normand H&E Equipment Services, Inc.*, 14-367, 2015 WL 1281989 (M.D. La. Mar. 20, 2015).
[39] *Firefighters' v. Citgo, Ltd.*, 13-737, 2016 WL 4942004 at *4, 13-373-SDD-EWD (M.D. La. Sep. 9, 2016).
[40] The Priority Payment Agreement, discussed *infra* pp. 10-11.
Document Number: 39671

business with the United States.  The Court finds that the pleadings do not demonstrate that the instant case is such an extremely exceptional case.  Accordingly, the Court finds that it does not have general personal jurisdiction over RBS.[41]

### C.  Specific Jurisdiction

Even when the defendant lacks "continuous and systematic contacts" to support general jurisdiction, the court may still exercise specific jurisdiction "in a suit arising out of or related to the defendants' contacts with the forum."[42]  Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation."[43]  "T[o] exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum [the United States]."[44]

The Fifth Circuit employs a three step analysis for a jurisdictional inquiry: (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities towards the forum or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arising out of or results from the defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[45]  If the plaintiff can establish the first two

---

[41] The Court also notes that RBS being registered as a foreign corporation with the Louisiana Secretary of State's office is not enough to establish general personal jurisdiction.  See *DNH, LLC v. In and Out Burgers*, 381 F. Supp. 2d. 559, 565 (5th Cir. 2005) ("Qualifying to do business in a state and appointing an agent for service of process there do not amount to a 'general business presence' of a corporation that can sustain an assertion of general jurisdiction").

[42] *Luvin' Care v. Insta-Mix, Inc.*, 438 F. 2d 465, 469 (5th Cir. 2006)(quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415; 104 S.Ct. 1868; 80 L.Ed.2d 404 (1984)).

[43] *Walden*, 134 S. Ct. at 1121 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).

[44] *Id.* at 1121.

[45] *See Monkton Ins. Services, Ltd. v. Ritter*, 768 F. 3d. 429, 433 (5th Cir. 2014)(quoting *Seiferth v. Helicopteros Atuneros, Inc.,* 472 F. 3d. 266, 271 (5th Cir. 2006)).

Document Number: 39671

prongs, the burden shifts to the defendant to show that exercising jurisdiction would be unfair or unreasonable.[46]

"T[he] relationship must arise out of contacts that the 'defendant himself' creates with the forum state."[47]  In other words, the Plaintiff must show the non-resident defendant directed specific acts toward the forum.  The minimum contacts inquiry cannot be satisfied "by demonstrating contacts between the plaintiff (or third parties) and the forum state."[48] "Due process requires the Defendant be hailed into court in a forum state based on his own affiliation with the state, not based on the 'random fortuitous or attenuated' contacts he makes by interacting with other persons affiliated with the state."[49]  Here, the relevant forum is the United States.

Plaintiffs identify several allegations in their *Petition* in an attempt to demonstrate that a *prima facia* case for the exercise of specific jurisdiction exists.[50]  The Court accepts uncontroverted facts as true; however, the Court assigns no weight to conclusory allegations even if uncontroverted.[51]  The specific facts identified by the Plaintiffs in their *Opposition* memoranda are largely conclusory and to some degree speculative.[52] Therefore, the Court cannot credit such allegations in assessing whether Plaintiffs have made their *prima facia* case.

---

[46] *Seiferth*, 472 F. 3d. at 271 (internal citations omitted).
[47] *Walden*, 134 S. Ct. at 1122 [emphasis original].
[48] *Id.*
[49] *Id.* at 1123 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174 (1985)(internal quotations omitted).
[50] Rec. Doc. 21, pp. 13-14.
[51] *Panda Brandy Wine Corp. v. Potomac Electric Power Company*, 253 F. 3d. 865, 869 (5th Cir. 2001).
[52] For instance, Plaintiffs speculation that RBS must have agreed to a subordination of Leveraged shares is contradicted by the offering memorandum itself.  The offering memorandum indicates that Leveraged had the autonomy to "issue additional classes of shares which may differ in terms of, among other things, denomination of currency, the fees charged, the minimum subscription amounts, redemption rights, and other rights."  *See* Rec. Doc. 14-7, p. 22.
Document Number: 39671

In order to be subject to specific personal jurisdiction, RBS must have directed contacts towards the United States regarding the investment transaction that gave rise to Plaintiffs' claims. Although Plaintiffs experienced financial harm in the United States, injury in the forum is not a sufficient means of connecting RBS to the United States.[53] The *Petition* in this case reveals that these specific activities were not directed by RBS to the Plaintiffs.  It was Leveraged, not RBS, who negotiated the transaction at issue. Plaintiffs have alleged that there were meetings between Leveraged and CGS in Baton Rouge, Louisiana regarding the purchase of the contested Series N shares.[54]  In the *Petition*, the Plaintiffs actually define the "Offering Memorandum" as the "Leveraged Confidential Memorandum dated April 1, 2008, used by Leveraged to market the Series N shares."[55] Absent from the *Petition* are any allegations that RBS directly communicated with the Plaintiffs, or negotiated the investment opportunity.  The only link between RBS and the United States in this case is the "Priority Payment Agreement."

In the Priority Payment Agreement, RBS allegedly agreed to the terms set forth in the Offering Memorandum which was presented by Leveraged to the Plaintiffs. Defendants allege they relied upon the Priority Payment Agreement in entering the agreement with Leveraged.  According to Plaintiffs, "[a]s a third party beneficiary to the agreement, the Louisiana Funds are entitled to enforce the terms of the agreement because it relied upon those agreements in purchasing the Series N Shares.[56]  Plaintiffs'

---

[53] *Pitts v. Ford Motor Company*, 14-396, 2015 WL 5256838, *6 (S.D. Miss. Aug. 26, 2015)(quoting *Walden*, 134 S.Ct. at 1125)("… mere injury to a forum resident is not a sufficient connection with the forum… an injury is jurisdictionally relevant only insofar as it shows the defendant has formed a contact with the forum state.  The proper question is not whether plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.").
[54] Rec. Doc. 1-2, p. 4, ¶ 4; p. 5, ¶ 11.
[55] Rec. Doc. 1-2, p. 3(m).
[56] Rec. Doc. 1-2, p. 10, ¶ 32.
Document Number: 39671

*Petition* focuses on RBS's interaction with Leveraged.   Rather than identifying the contacts that RBS has made with the United States, Plaintiffs have attempted to make their *prima facia* case by focusing on RBS's interaction with Leveraged, which, based upon the allegations plead in this case, directed its actions and communications toward the United States.   In *Walden*, the Supreme Court warned against relying upon such interactions to establish specific personal jurisdiction. "Due process requires the Defendant be hailed into a court in a forum state based upon his *own* affiliation with the [forum], not based upon the random fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the [forum]."[57]

In this case, the Court finds that the minimum contacts necessary to exercise specific personal jurisdiction over RBS do not exist.

## III.   CONCLUSION

Accordingly, although RBS is subject to nationwide service of process, the Court concludes that RBS's contacts with the United States are not of a character and quality to satisfy constitutional due process.   In light of the Remand from the Fifth Circuit Court of Appeals, RBS's *Motion for Reconsideration Due to Lack of Subject Matter Jurisdiction*[58] is DENIED.   Royal Bank of Scotland PLC. is hereby dismissed for lack of personal jurisdiction.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 3rd day of August, 2017.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[57] *Walden*, 134 S. Ct. at 1123.
[58] Rec. Doc. 64.
Document Number: 39671